1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

JOSE LUIS MOTA-RIVERA,                )    1:07-cv-01161-LJO-TAG HC
                                      )
10                                    )
                    Petitioner,       )    FINDINGS AND RECOMMENDATIONS
                                      )    REGARDING RESPONDENT'S MOTION
11        v.                          )    TO DISMISS PETITION [Doc.  9]
                                      )
12                                    )    ORDER DIRECTING THAT OBJECTIONS
                                      )    BE FILED WITHIN TWENTY DAYS
13   WARDEN V. ALMAGER,               )
                                      )
14                  Respondent.       )
   _____)

15

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18                                   **BACKGROUND**

19        Petitioner filed the instant petition on August 10, 2007.  (Doc. 1).  On September 9, 2004,

20   Petitioner pleaded guilty in the Kern County Superior Court of first degree murder in exchange for a

21   sentence of twenty-five years to life.  (Id., pp. 1-3; Doc. 10, Lodged Documents ("LD") 5, p. 1).

22   On September 2, 2004, Petitioner's motion to withdraw his guilty plea was denied.  (LD 5, p. 2).  In

23   his petition, Petitioner raises the following issues: (1) the trial court abused its discretion in refusing

24   to allow Petitioner to withdraw his guilty plea; (2) ineffective assistance of trial counsel in failing to

25   conduct an adequate pre-trial investigation; and (3) ineffective assistance of trial counsel in failing to

26   communicate all consequences of a guilty plea to Petitioner before he entered his guilty plea.  (Doc.

27   1).

28

In his direct appeal in state court, Petitioner raised and exhausted Ground One in the California Supreme Court.  (LD 3, 4).  On collateral review, Petitioner filed a habeas petition in the Superior Court of Kern County, contending that he had been deprived of counsel at a civil proceeding involving a dispute over real property apparently arising out of his efforts to raise money to pay his trial attorney's retainer and fees, and also contending that his appellate counsel in his direct appeal from his conviction was ineffective for refusing to intervene in the civil suit on behalf of Petitioner.  (LD 6).  The Superior Court found the petition procedurally defective based on Petitioner's failure to comply with the service requirements regarding habeas petitions.  (LD 6, Order, p. 2).

Petitioner then filed a state petition in the California Court of Appeal, Fifth Appellate District ("5th DCA"), raising the same factual basis as in the Superior Court, but this time contending that his trial counsel committed fraud in handling the transfer of ownership of Petitioner's home in order to pay for trial counsel's fees and that trial counsel coerced Petitioner into pleading guilty.  (LD 7).  This petition was denied by the 5th DCA, which ruled as follows:

> "Petitioner's arguments are not supported by an adequate factual context.  (People v. Duvall (1995) 9 Cal.4th 464, 474).  Petitioner has failed to excuse his failure to exhaust his remedy of filing a petition for writ of habeas corpus in the superior court which is supported by an adequate statement of all facts pertinent to his arguments."

(LD 7, Order).

Petitioner then filed his application in the California Supreme Court, arguing the following issues: (1) the 5th DCA's ruling constitutes an abuse of process in violation of the due process and equal protection clauses of the U.S. Constitution; (2) the guilty plea is tainted by fraud as evidenced by the civil proceedings against Petitioner.  (LD 8).  In denying this petition, the California Supreme Court cited In re Swain, 34 Cal.2d 300, 304 (1949), and People v. Duvall, 9 Cal.4th 464, 474 (1995).  (LD 11).

After the Court ordered Respondent to file an answer, Respondent, on March 11, 2008,  filed the instant motion to dismiss for lack of exhaustion as to Grounds Two and Three, arguing that citations to Swain and Duvall indicate that the claims lacked sufficient specificity and that Petitioner could re-file those claims providing greater specificity, and, hence, those claims are not fully

1   exhausted.  (Doc. 9).  Respondent concedes that Ground One is exhausted, but argues that Ground

2   One is premised upon state law and therefore does not state a cognizable federal habeas claim.  (Id.

3   at p. 6).  On April 17, 2008, Petitioner filed his opposition, styled as a "Traverse," which asserts that

4   Ground One is indeed premised partially on federal law and that Grounds Two and Three are

5   exhausted.  (Doc. 12).

6                                    **DISCUSSION**

7            A.  Procedural Grounds for Motion to Dismiss

8            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

9   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

10  entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules

11  Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the

12  attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth

13  Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to

14  exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing

15  § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d

16  599, 602-603 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).

17  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's

18  motion for dismissal pursuant to its authority under Rule 4.

19           B.  Failure To State A Cognizable Claim in Ground One

20           Respondent contends, somewhat summarily, that Ground One fails to state a claim upon

21  which federal habeas relief can be granted because the claim is premised entirely on a violation of

22  state law.  The Court disagrees.

23           In his petition, Petitioner lists Ground One as follows: "The Court abused its discretion by

24  refusing to allow petitioner to withdraw his guilty plea in that petitioner showed good cause and the

25  evidence was more than sufficient to grant the motion."  (Doc. 1, p. 5).[1]  Petitioner then directs the

26  Court's attention to his "Memorandum in Support of Petition," which was filed contemporaneously

27

28           [1]This refers to the page number at the bottom of the printed form petition.  The Court's electronic
    file header page number for this page is page 4.

1  with the petition on August 10, 2007, and docketed as Document 2.  In that memorandum, Petitioner

2  cites and discusses federal law regarding the need for a plea to be knowing and voluntary, the

3  standards for ineffective assistance of counsel under the Sixth Amendment, and the need for counsel

4  at critical stages of the proceedings.  (E.g., Doc. 2, pp. 7-11).

5       Respondent reads Ground One to sound only in state law.  Although the claim could certainly

6  be framed in a more coherent, articulate manner, the Court is satisfied that Petitioner is not

7  proceeding merely on a violation of state law but that he has sufficiently invoked federal authority to

8  withstand Respondent's claim that Ground One, as pleaded, fails to state a federally cognizable

9  habeas claim.  Accordingly, the Court will recommend denial of Respondent's motion to dismiss as

10  to Ground One.

11       C.  Exhaustion of State Remedies as to Grounds Two and Three

12       Respondent argues that the second and third claims in the petition are unexhausted.

13  Respondent reasons that Petitioner's sole habeas filing in the California Supreme Court was denied

14  with a citation to Swain  and Duvall.  As will be discussed below, those cases stand for the

15  proposition that the state petition was not presented with sufficient particularity for the state supreme

16  court to rule on the merits of the claims.  Accordingly, Respondent reasons that Petitioner could have

17  returned to the California Supreme Court with a more specific petition and received a decision on the

18  merits, which would have exhausted those two claims.  However, because he did not pursue his

19  claims further in state court, by submitting more specific claims, they remain unexhausted.  The

20  Court agrees with Respondent's reasoning.

21       A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

22  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

23  exhaustion doctrine is based on comity to the state court and gives the state court the initial

24  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

25  U.S. 722, 731, 111 S. Ct. 2546 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982);

26  Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

27  ///

28  ///

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276 (1982)("[A] habeas petitioner must fairly present to the state courts the substance of his federal habeas corpus claim."); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995)(legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S. Ct. 1715 (1992), superceded by statute as stated in Williams v, Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000)(factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

1

2

        In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

3

<u>Lyons</u>, 232 F.3d at 668-669 (italics added).

4

5

        Respondent contends that, when Petitioner presented Grounds Two and Three to the

6

California Supreme Court, that court rejected them, citing <u>Duvall</u> and <u>Swain</u> as the basis for the

7

denial.  (LD 11.).[2]  Under California law, a citation to <u>Duvall</u> indicates that a petitioner has failed to

8

state his claim with sufficient particularity for the state court to examine the merits of the claim,

9

and/or has failed to "include copies of reasonably available documentary evidence supporting the

10

claim, including pertinent portions of trial transcripts and affidavits or declarations."  <u>Duvall</u>, 9

11

Cal.4th at 474.

12

        In <u>Kim v. Villalobos</u>, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a

13

state petition denied with a citation to <u>Swain</u>.  Like <u>Duvall</u>, a citation to <u>Swain</u> stands for the

14

proposition that a petitioner has failed to state his claim with sufficient particularity.  In <u>Kim</u>, the

15

Ninth Circuit found that the <u>Swain</u> citation indicated that the claims were unexhausted because their

16

pleading defects, i.e., lack of particularity, could be cured in a subsequent renewed petition.  <u>Kim</u>,

17

799 F.2d at 1319.

18

        However, in <u>Kim</u>, the Ninth Circuit also stated that it was "incumbent" on the district court,

19

in determining whether the federal standard of "fair presentation" of a claim to the state courts had

20

been met, to independently examine Kim's petition to the California Supreme Court.  <u>Id</u>. at 1320.

21

"The mere recitation of <u>In re Swain</u> does not preclude such review."  <u>Id</u>..  The Ninth Circuit has held

22

that where a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded

23

24

25

26

27

28

---

[2]The Court is not convinced that Petitioner has raised Ground Three, ineffective assistance of trial counsel in improperly advising Petitioner to plead guilty, in the California Supreme Court.  As mentioned, that state petition raised only two grounds: (1) abuse of discretion by the 5th DCA in denying his earlier petition; and (2) a rambling discussion of why the plea agreement has been "tainted" by the lack of legal counsel, the conflict of interest by his trial attorney, and the erroneous decisions of the trial court.  The Court views a claim of attorney conflict of interest to be distinct from a claim of ineffective assistance in providing flawed legal advice about a guilty plea.  However, because Respondent does not raise the issue, the Court will assume, for the sake of discussion in this motion to dismiss, that a liberal reading of the second claim raised by Petitioner in the California Supreme Court would include both Grounds Two and Three raised in the instant petition.

with particularity, he may be excused from complying with it.  Harmon v. Ryan, 959 F.2d 1457, 1462 (9th Cir. 1992)(citing Kim, 799 F.2d at 1321).  "Fair presentation" requires only that the claims be pleaded with as much particularity as is practicable.  Kim, 799 F.2d at 1320.

Because Swain and Duvall stand for the same proposition, and applying the principles set forth in Kim, this Court will review Petitioner's habeas petition filed in the California Supreme Court to determine whether his claim or claims were "fairly presented" under federal exhaustion standards.

A review of the petition filed by Petitioner in the California Supreme Court shows that in Ground One Petitioner contended that the 5th DCA abused its discretion and should have conducted an evidentiary hearing to allow all of the facts to be brought out regarding the purported "fraud" perpetrated by his trial counsel.  Although Petitioner attempts to "bootstrap" into that claim his argument regarding the propriety of his original plea of guilty, for purposes of a Kim v. Villalobos review, the Court must look at the claim as presented to the California Supreme Court.  In so doing, the Court is satisfied that Petitioner's Ground One claims error on the part of the 5th DCA in denying his petition with a citation to Duvall.  In the Court's view, there is no other way to read that claim. Because Petitioner does not raise that claim in the instant petition, it is irrelevant to an analysis of exhaustion in this motion to dismiss.

Ground Two, however, is more complicated.  As discussed previously, Ground Two is a rambling, diffuse, and opaque series of allegations that, alternately, claim fraud by Petitioner's trial counsel, ineffective assistance by trial counsel, lack of effective assistance by appellate counsel in not intervening in Petitioner's civil suit, and a conflict of interest by the trial court in both receiving his guilty plea and also ruling on the habeas petition.   In many particulars, Ground Two is similar to the argument raised by Petitioner in his habeas petition before the 5th DCA because they both touch on common factual and legal themes.  As mentioned, the 5th DCA denied that petition, citing Duvall for the proposition that Petitioner had not presented an "adequate factual statement of all the facts" in his petition to the Superior Court.

In its denial, the 5th DCA essentially gave Petitioner a blueprint for how to make his habeas claim more specific in order for the 5th DCA to properly address the merits of Petitioner's claim.

However, instead of filing a more specific claim in that court, Petitioner instead proceeded to the California Supreme Court with the same defective claim, which was denied, as mentioned, with citations to <u>Swain</u> and <u>Duvall</u>.

In the Court's view, the denial of Ground Two (Grounds Two and Three in the instant petition) by the California Supreme Court under <u>Swain</u> and <u>Duvall</u> for lack of specificity was entirely appropriate.  It is difficult, if not impossible, to pinpoint the precise legal gravamen of the claim raised in Ground Two in the California Supreme Court, other than that it challenges the guilty plea, because Petitioner has implicated so many different parties as being complicit in coercing his guilty plea, and he has implied so many different bases for culpability, without ever providing a full exposition of facts regarding any of the parties or bases for liability.   Accordingly, because the Court agrees with the California Supreme Court's denial of Ground Two for lack of specificity and particularity, and because Petitioner was given the opportunity to correct those deficiencies at both the intermediate and supreme court level in his state collateral proceedings, but failed to avail himself of that opportunity, he has failed to exhaust Grounds Two and Three in the state court. <u>Kim</u>, 799 F.2d at 1319.

The Court cannot entertain a petition containing both exhausted and unexhausted claims, i.e., a "mixed" petition. <u>Rose</u>, 455 U.S. at 522.  Even though the Court views Ground One as stating a cognizable claim, because the instant petition contains both exhausted and unexhausted claims, it is nevertheless a "mixed" petition.  Accordingly, the Court will afford Petitioner the option to withdraw the unexhausted claims or, alternatively, have the entire petition dismissed in order for Petitioner to return to state court to fully exhaust his claims.

## **RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. 9) be GRANTED because it contains unexhausted claims.[3]

---

[3]A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions.  <u>See</u> In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only

1    These findings and recommendations are submitted to the United States District Judge

2   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

3   Local Rules of Practice for the United States District Court, Eastern District of California.

4    Petitioner may, at his option, move to withdraw the unexhausted claims within twenty (20)

5   days of the date of service of these findings and recommendations and proceed with only the

6   exhausted claim.  Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  **Petitioner is forewarned**

7   **that no extensions of time to move to withdraw such claims will be granted.**  If Petitioner fails to

8   withdraw the unexhausted claims within the 20-day deadline, the findings and recommendations will

9   be submitted to the District Judge for dismissal of the entire petition.  Rose, 455 U.S. at 520.  This

10  dismissal will not bar Petitioner from returning to federal court after exhausting available state

11  remedies.  However, this does not mean that Petitioner will not be subject to the one-year statute of

12  limitations imposed by 28 U.S.C. § 2244(d).  Although the limitation period is tolled while a

13  properly filed request for collateral review is pending in state court,  28 U.S.C. § 2244(d)(2), it is not

14  tolled for the time an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-

15  182, 121 S. Ct. 2120 (2001).

16   Within twenty (20) days after being served with a copy of these findings and

17  recommendations, any party may file written objections with the Court and serve a copy on all

18  parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

19  Recommendations."  Replies to the objections shall be served and filed within eleven (11) days after

20  service of the objections.  **Petitioner and Respondent are forewarned that no extensions of time**

21  **to file objections or replies will be granted.**  The District Judge will review the Magistrate Judge's

22  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections

23  ///

24

25          exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made
            aware of the exhaustion requirement, no reason exists for him not to exhaust all potential
26          claims before returning to federal court.  The failure to comply with an order of the
            court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).
27

28  Slack v. McDaniel, 529 U.S. 473, 489, 120 S. Ct. 1595 (2000). Therefore, Petitioner is forewarned that in the event he returns
    to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

1   within the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>,

2   951 F.2d 1153 (9th Cir. 1991).

3

4   IT IS SO ORDERED.

5   Dated:   __February 10, 2009__                           __/s/ Theresa A. Goldner__
        _____                                          UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28